IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALITTA AIR, L.L.C, | No. 96-02494 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO ADJOURN TRIAL |
| v. | |
| CENTRAL TEXAS AIRBORNE SYSTEMS, INC., | |
| Defendant. | |

This case is currently set for trial on November 1, 2010. Plaintiff Kalitta Air moved to adjourn the trial date and reschedule it to July, 2011. Defendant Central Texas Airborne Systems joined Plaintiff's motion. Having thoroughly considered the moving papers, past case management conferences and past filings concerning the trial date, the Court denies Plaintiff's motion.

On April 30, 2009, the Court notified the party of its availability to retry the case in August or October of 2009. The parties could not agree on a date -- Plaintiff wanted a trial as soon as possible and stated that it could be ready by August, 2009 and Defendant stated that it had conflicts in August, but could be ready by October, 2009. On June 10, 2009, rather than choose a date that would disadvantage one party, the Court set the trial for

its next available date, November 1, 2010.

Almost a year later, on June 7, 2010, the parties submitted a stipulation which asked the Court to continue to trial to March, 2011 because of "trial scheduling conflicts of counsel, the necessity of retaining and deposing experts, and the possibility of ongoing settlement negotiations." The Court declined the stipulation and ordered the parties to submit a noticed motion detailing the scheduling issues and when they arose. Ordinarily, the Court does its best to accommodate stipulations made by counsel. However, in this case, the Court did not do so. This case was filed over fourteen years ago and has already been tried twice. Counsel for both parties were on notice since October 8, 2008, the date the Ninth Circuit issued its memorandum disposition, that this case might be tried again. On July 8, 2010, Plaintiff filed the instant motion to adjourn the trial date and on July 19, 2010 Defendant joined the motion. The parties described various scheduling conflicts but none that arose prior to the date that this trial date was noticed.

At the time the Court set the trial date, the parties represented that they had ample time to prepare for a trial to begin in October, 2009. They did not state that they had any conflicts in November, 2010. The parties also knew that the Court double and triple sets its trial dates almost one year into the future. The Court has preserved the November, 2010 dates and has no other trials set for those dates. Continuing a trial of this length to another date certain would be difficult for the Court and unfair to other litigants. The parties have not presented

2

persuasive reasons to adjourn the November 1, 2010 trial date.

The final pretrial conference will be held on October 12, 2010, at 2:00 p.m.  A ten-day jury trial will begin on November 1, 2010 at 8:30 a.m., and will be conducted on November 2, 3, 10, 12, 15-19.  The Court vacates the August 12, 2010 hearing.

IT IS SO ORDERED.

Dated: 07/28/10

_____
CLAUDIA WILKEN
United States District Judge