SEDGWICK LLP
GREGORY C. READ (STATE BAR NO. 049713)
GAYLE G. GOUGH (STATE BAR NO. 154398)
CAITLIN C. ROSS (STATE BAR NO. 271651)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105-1008
Telephone: (415) 781-7900

STEVEN L. LEVITT & ASSOCIATES, P.C.
STEVEN L. LEVITT
129 Front Street
Mineola, N.Y. 11501
Telephone: (516) 248-9700

Attorneys for Defendant
CENTRAL TEXAS AIRBORNE SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALITTA AIR, L.L.C. as assignee of American International Airways, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL TEXAS AIRBORNE SYSTEMS, INC., et al., <br><br> Defendant. | CASE NO. 4:96-cv-02494-CW <br><br> **DEFENDANT CTAS'S OPPOSITION TO PLAINTIFF KALITTA'S MOTION FOR EXPEDITED CONSIDERATION OF ITS SECOND MOTION TO PRECLUDE EXPERT TESTIMONY** |

## I. INTRODUCTION

On March 24, 2011, Kalitta filed a motion in *limine* seeking to preclude certain testimony by CTAS's new experts, despite the fact that the parties had agreed more than 17 months prior to the trial date that each side could use new experts in the third trial. (Documents 2072 and 2073.) Kalitta disclosed five new experts pursuant to that agreement. On April 5, 2011, the Court issued its order denying Kalitta's motion without prejudice and ordered that all pretrial motions, presumably including all motions in *limine*, should be filed by both sides pursuant to a briefing schedule set by the Court and heard on September 15, 2011. (Document 2076.) Almost three

months after that decision, and two months after it has had the report of defendant's damage expert, Kalitta has filed an almost identical motion seeking to effectively preclude CTAS's damage expert from testifying at trial. (Document 2078.) Kalitta also filed a motion for expedited consideration which did not provide one valid reason why the Court should alter its prior order and briefing schedule. (Document 2079.)

CTAS did not stipulate to this motion to expedite, and the motion should be denied. All pretrial motions, including CTAS's motions to exclude the testimony of certain Kalitta experts, should be heard at the same time pursuant to the Court's April order.

## II. THE PARTIES' AGREEMENT REGARDING NEW EXPERTS

For the second trial, Kalitta unilaterally disclosed five new damage experts without permission of the Court or agreement of counsel. For the third trial, the parties addressed the issue of new experts head on. As set forth above, on May 19, 2010, more than a year ago, and more than 17 months before this case is scheduled for trial, the parties entered into a written agreement that each side could retain new experts. The decision to add new experts would be at each side's discretion and without any limitation. This agreement was memorialized numerous times in writing, and was included in at least *five* pleadings filed with the Court. The first such pleading, a stipulation between counsel for CTAS and Kalitta, dated June 7, 2010, specifically stated "[t]he parties have agreed that each side may retain new experts at their discretion and that the parties will agree upon a schedule for the disclosure and depositions of experts dependant on the trial date." (Document 2038.)

On August 6, 2010, the attorneys each disclosed the names of the new experts each intended to use at trial. On February 28, 2011, each side filed formal expert disclosures. Kalitta disclosed five new experts and produced reports for four of them. CTAS disclosed one new liability expert and one new damage expert and produced reports for each. Now, approximately a year and two months after the parties' unambiguous agreement, Kalitta seeks an order effectively rewriting the parties' agreement so that now only Kalitta would benefit by using five new experts while CTAS would be effectively precluded from using its one new damage expert.

//

Both sides are in exactly the same position. They agreed that each side could use new experts in the third trial. Each side has disclosed new experts pursuant to that agreement. Expert reports have been produced by both sides. Each side will have an opportunity to depose the other side's experts concerning their opinions and the bases therefor, and to prepare for trial.

This Court should not permit Kalitta to rewrite history for its extreme benefit, resulting in the denial of a fair trial for CTAS. The written agreement between the parties was clear. Both CTAS and Kalitta relied on the agreement to retain, disclose and use new experts. CTAS would be severely and unfairly prejudiced if it were prohibited from using its new damage expert.

### III. ARGUMENT

Kalitta's motion to expedite should be denied for the following reasons:

1. The Court's April order established an expedited schedule for filing and hearing all pretrial motions, as compared to the Court's Standing Order for Pretrial Preparation (effective July 1, 2010). That Standing Order would have required motions in *limine* to be exchanged on September 13, 2011 (28 days before the pretrial conference set on October 11, 2011), and filed on September 27, 2011 (14 days before the pretrial conference). Because the Court's April order already constitutes an expedited schedule, CTAS respectfully requests that the Court not further expedite the hearing on this one Kalitta pretrial motion.

2. Kalitta unreasonably delayed almost three months after receiving the Court's April 5, 2011 order, and two months after receiving the report of Kalitta's expert, to file this second motion to expedite one pretrial motion, out of the many which will be filed by both sides before trial.

3. Kalitta's motion does not establish one valid reason for altering the Court's already expedited schedule for hearing all pretrial motions. Kalitta agreed in May, 2010 that each side could use new experts and has known the identity of CTAS's new experts since August 6, 2010, eleven months ago.

4. Ultimately, Kalitta's preclusion motion seeks to have this Court unilaterally re-write the parties' agreement to Kalitta's benefit (it proposes to use five new experts) and CTAS's

1 extreme detriment and unfair prejudice (by precluding CTAS from using its one new damage
2 expert).

3     5. The motion to preclude should not be heard in a vacuum. This Court should rule on
4 Kalitta's unmeritorious motion in the context of all other motions in limine, including motions
5 by CTAS to preclude the testimony of certain Kalitta experts.

6     Despite the fact that CTAS's lead counsel will be out of the country from July 16 through
7 July 28 on a prepaid vacation, CTAS is prepared to comply with the Court's April order and
8 briefing schedule. Plaintiff's motion should be denied and all pretrial motions should be heard
9 pursuant to the Court's order on September 15, 2011.

10 DATED: July 11, 2011    Sedgwick LLP

12     By: */s/ Gregory C. Read*
13         Gregory C. Read
        Attorneys for Defendant
        CENTRAL TEXAS AIRBORNE SYSTEMS, INC.