IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALITTA AIR, LLC, as assignee of American International Airways, Inc.,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL TEXAS AIRBORNE SYSTEMS, INC.,<br><br>    Defendant.<br>_____/ | No. 96-cv-02494 CW<br><br>ORDER ON KALITTA'S MOTIONS IN LIMINE 1-10, CTAS' MOTIONS IN LIMINE 1-8 AND SCHEDULE FOR PRETRIAL FILINGS<br>(Docket Nos. 2084 and 2087) |

The Court issues the following rulings on the parties' motions in limine:

### Kalitta's Motions in Limine

1. Preclude CTAS from introducing a new theory on damages through a new expert witness.

    DENIED.

2. Admit prior testimony of CTAS' experts as party admissions.

    This motion is generally GRANTED. However, on or before September 23, 2011, Kalitta must disclose the specific testimony that it intends to introduce as party admissions. In the event that CTAS has new objections based upon the disclosed admissions, CTAS may promptly file a brief motion for reconsideration and Kalitta may promptly file a brief opposition.

3. Exclude evidence of lawsuits filed against Conrad Kalitta.

DEFERRED. The fact that a given lawsuit was filed may be admitted if relevant to a material issue. Facts underlying a lawsuit may be admitted if relevant, but cannot be proved through hearsay, such as a complaint.

4. Exclude evidence of Conrad Kalitta's ownership of Kalitta Air, LLC.

DENIED.

5. Exclude evidence of AIA's unrelated aircraft purchases.

DENIED.

6. Exclude evidence of AIA's operation and results of merger with Kitty Hawk.

DENIED.

7. Preclude CTAS from introducing evidence of replacement or correction costs.

DENIED.

8. Exclude argument on alternative basis for issuance of the Airworthiness Directive (AD).

GRANTED. The parties agree to forgo arguing that a reason other than the missing doublers was the basis for the AD. The parties shall identify portions of the AD that should be redacted for purposes of the trial and provide a copy to the Court on or before September 23, 2011.

9. Exclude evidence of Hayes' doubler analysis.

DENIED.

2

10. Exclude evidence that aircraft were improperly grounded.

    DENIED.

## CTAS's Motions in Limine

1. Confirm rulings made by Court on previous motions in limine.

    GRANTED. Kalitta has submitted a chart identifying the Court's decisions on motions in limine at the 2005 trial. CTAS will submit a chart summarizing rulings rendered at the 2001 trial on or before September 23, 2011. Unless specifically modified by the Court, these rulings will apply at the upcoming trial.

2. Preclude Kalitta from presenting a "rebuttal expert" on damages.

    GRANTED.

3. Preclude Kalitta's experts from testifying about any opinions not specifically contained in their expert reports or prior testimony.

    GRANTED. This applies to all experts on both sides.

4. Preclude expert Rock from relying on Exhibit B to Kalitta's expert disclosure and exclude the use of Exhibit B, or portions thereof, at trial.

    GRANTED IN PART AND DENIED IN PART. Rock may testify to the information in Exhibit B, if he relied on it or adopts it. However, portions of Exhibit B that contain figures that are not part of Rock's opinion shall be redacted.

5. Preclude duplicative testimony on the standard of care for a "repair station."

    GRANTED IN PART and DEFFERED IN PART. Plaintiff may not call both Ruby and Nolan. The Court is inclined to limit Kalitta to one expert on this topic, in keeping with the Court's prior order

3

limiting the parties to one expert per subject matter. However, in its statement describing its proposed witnesses, Kalitta may provide a more detailed description of the distinctions between the witnesses it seeks to introduce on this topic. The Court will then resolve the remainder of this motion.

6. Preclude William Gray, Jane Phifer (Carpenter) and George Kelsey from testifying to any subject not contained in their prior depositions or trial testimony, unless Kalitta makes them available for deposition by CTAS. Preclude them from offering expert opinion testimony.

    GRANTED.

7. Preclude Kalitta or its damage expert from using any Kalitta Air financial data generated or obtained since the second trial.

    DENIED. CTAS conceded that it never made a formal request for this discovery. However, CTAS may now submit a formal discovery request and Kalitta must respond promptly.

8. Order requiring earlier pretrial conference to determine specific issues to be tried in the third trial and for an order excluding evidence on other subjects or issues.

    DENIED as moot. The September 19, 2011 date for pretrial filings, set forth in the Court's August 23, 2011 minute order, is VACATED. The deadlines established in this Court's standing order for pretrial preparation shall apply.

    The following items shall be filed by September 23, 2011:

    1. Kalitta shall file a list specifying statements by CTAS experts that it seeks to introduce as party admissions at trial. The list shall specify where in the record the admission was made.

    2. The parties are to submit the AD with the agreed upon redactions.

4

3. CTAS shall submit a chart summarizing rulings rendered at the 2001 trial.

4. The parties shall submit a notice identifying their agreed-upon mediator and the date of the mediation or a list of available mediators and mediation dates so that the Court can select a mediator and mediation date.

IT IS SO ORDERED.

Dated  9/19/2011

CLAUDIA WILKEN
United States District Judge