IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALITTA AIR, L.L.C., as assignee of American International Airways, Inc., | No. C 96-2494 CW |
| Plaintiff, | PRELIMINARY JURY INSTRUCTIONS |
| v. | [VERSION TWO] |
| CENTRAL TEXAS AIRBORNE SYSTEMS, INC., | |
| Defendant. | |

**DUTY OF THE JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be given a copy of these instructions to keep throughout the trial. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you.

You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

In this case, the Plaintiff is suing the Defendant for negligence. The Plaintiff company is Kalitta Air, which used to be known as American International Airways or AIA, and is owned by Conrad Kalitta. The Defendant company is Central Texas Airborne Systems or CTAS.

Kalitta had contracted with a company called GATX/Airlog to convert two Boeing 747 airplanes from passenger planes to freighter planes. The two planes in question are often referred to by their tail numbers, N701CK and N706CK. However, after the planes were converted, the Federal Aviation Administration, also known as the FAA, ordered that the planes could not fly if they carried the 220,000 pounds of freight that they were intended to carry, which meant that it was not profitable to use them. As a result, the Kalitta sued CTAS. Other companies which were involved in the transaction but are not parties in this trial are Evergreen International Airlines, the Bank of New York or BNY, GATX/Airlog, Pemco Aeroplex, which used to be called Hayes International

2

1 Corporation, and Elsinore Aerospace Services.

2 Kalitta claims that CTAS negligently performed the
3 modification. Kalitta is asking for CTAS to pay for direct damages
4 caused by the grounding of the planes and for consequential damages
5 caused to the company.

6 CTAS denies Kalitta's claim for negligence. CTAS also denies
7 that Kalitta is entitled to damages.

## WHAT IS EVIDENCE

9 The evidence you are to consider in deciding what the facts
10 are consists of:

11 (1) the sworn testimony of any witness;

12 (2) the exhibits which are received into evidence; and

13 (3) any facts to which the lawyers stipulate.

## WHAT IS NOT EVIDENCE

15 In reaching your verdict, you may consider only the testimony
16 and exhibits received into evidence. Certain things are not
17 evidence, and you may not consider them in deciding what the facts
18 are. I will list them for you:

19 (1) Arguments and statements by lawyers are not evidence. The
20 lawyers are not witnesses. What they will say in their opening
21 statements, closing arguments, and at other times is intended to
22 help you interpret the evidence, but it is not evidence. If the
23 facts as you remember them differ from the way the lawyers state
24 them, your memory of them controls.

25 (2) Questions and objections by lawyers are not evidence.
26 Attorneys have a duty to their clients to object when they believe
27 a question is improper under the rules of evidence. You should not

3

be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.

(4) Anything you see or hear when the Court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit

4

received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other

5

testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Certain graphics not received in evidence may be shown to you in order to help explain the contents of books, records, documents or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these graphics and determine the facts from the underlying evidence.

**CORPORATIONS**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**LIABILITY OF CORPORATIONS**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

6

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary

7

about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

I know that many of us are used to communicating and learning by electronic communications and research.  However, there are good reasons why you must not electronically communicate or do any research on anything having to do with this trial or the parties.

In court, jurors must make important decisions that have consequences for the parties.  Those decisions must be based only on the evidence that you hear in this courtroom.

The evidence that is presented in court can be tested; it can be shown to be right or wrong by either side; it can be questioned; and it can be contradicted by other evidence.  What you might read or hear on your own could easily be wrong, out of date, or inapplicable to this case.

The parties can receive a fair trial only if the facts and information on which you base your decisions are presented to you as a group, with each juror having the same opportunity to see, hear, and evaluate the evidence.

Also, a trial is a public process that depends on disclosure in the courtroom of facts and evidence.  Using information gathered in secret by one or more jurors undermines the public process and violates the rights of the parties.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror

8

is exposed to any outside information, please notify the court immediately.

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you  propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

9

You may write out questions on a form provided by the court and hand it to the clerk. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

10

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Dated: October 28, 2011

CLAUDIA WILKEN
United States District Judge