MARK L. McALPINE, *admitted pro hac vice*
DON W. BLEVINS, *admitted pro hac vice*
ERIC M. KOCIBA, *admitted pro hac vice*
**MCALPINE & ASSOCIATES, P.C.**
3201 University Drive, Suite 100
Auburn Hills, MI 48326
Telephone: (248) 373-3700
Fax: (248) 373-3708
Attorneys for Kalitta Air, L.L.C., as assignee of
American International Airways, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALITTA AIR, L.L.C., as assignee of American International Airways, Inc, <br><br> Plaintiff, <br><br> vs. <br><br> CENTRAL TEXAS AIRBORNE SYSTEMS, INC., et al., <br><br> Defendant. | Case No.: C 96-2494 CW <br><br> **Trial Date: October 31, 2011** <br> **Place: Courtroom 2, Hon. Claudia Wilken** |

**KALITTA AIR, LLC'S RESPONSE TO DEFENDANT CENTRAL TEXAS AIRBORNE SYSTEM, INC.'s (CTAS) TRIAL BRIEF IN SUPPORT OF EXCLUDING IRRELEVANT AND PREJUDICIAL EXHIBITS REFERRED TO IN DEPOSITION DESIGNATIONS OF DAVID JOHNSON**

Plaintiff, Kalitta Air, LLC, submits the following to respond to the various claims and assertions by Central Texas Airborne Systems, Inc., that certain exhibits in the designation of David Johnson are prejudicial, inflammatory, and misleading. A review of the documents and Mr. Johnson's designation testimony indicates that CTAS is sorely mistaken about the implications of its offered defenses in this case.

**BACKGROUND**

CTAS claims because the documents in question (evidently, Joint Exhibits 4125, 4066, and 89) are "irrelevant, inflammatory, misleading and confusing evidence" and impermissible character evidence. In claiming as much, CTAS ignores its own defense in this case. Specifically, in CTAS' opening statement, it claimed that it was obligated to "follow exactly by contract" the Hayes drawings:

> [MR. READ:]THE DESIGN DRAWINGS THAT WERE CREATED BY HAYES, THE DESIGN DRAWINGS THAT WERE OWNED BY GATX, THE DESIGN DRAWINGS THAT WE HAD TO FOLLOW EXACTLY BY CONTRACT. WE **WERE REQUIRED TO MAKE THE MODIFICATION EXACTLY AS THE DESIGN DRAWINGS SAID**, AND THE DESIGN DRAWING AND THE DESIGN NEVER EVER INCLUDED A DOUBLER. MAYBE NOW YOU UNDERSTAND WHY THERE'S A FIGHT. WHAT'S CTAS DOING HERE? [Transcript of Proceedings, October 31, 2011, pp 166-167(emphasis added).]

The exhibits in question illustrate that not only was CTAS assuming a role well beyond that of a mere installer without the authority to question the drawings, but they show that CTAS' arrangements with GATX had CTAS routinely executing design change orders, incurring engineering time (as shown in Exhibit 4066), accounting to GATX for its quality control system (as shown in Exhibit 89), and making sense of the STC documents. CTAS also writes that it will endeavor to "fix your drawings" after it was established that "your package is hosed" (Exhibit 4125). CTAS once again attempts to make these statements into something else, by a mere assertion that these items individually "did not cause any damage claimed by Kalitta". But these documents still speak to a role well beyond what CTAS is claiming in this case.

Finally, CTAS claims that "many if not most" of the documents "must be redacted" without any explanation of what documents it is speaking about. Such an argument can hardly be entertained here without such explanation of what redaction is being sought.

Case No. C 96-2494 CW

1

## ARGUMENT

CTAS only cites a single case for the proposition that "draft documents provide significant foundation problems." Dkt. 2166, p 3. That case, *Beauperthuy v. 24 Hour Fitness USA, Inc*., 772 F. Supp 2d 1111 (N.D. Ca. 2011) states nothing in the way of a prohibition for this case. This case is clearly distinguishable with respect to the document CTAS is challenging, Exhibit 4125. Foundation is not a problem for Plaintiff's proffer of Exhibit 4125. That exhibit has been authenticated by its own author, Mr. Johnson, in the designated testimony in question. See Johnson Designation, Exhibit 1, p 33.

Finally, Defendant's argument about exhibit 89 is again omitting important detail. Exhibit 89 is referring to a complaint that CTAS had a "large crack in their quality control systems", not just to pulley brackets. The statement is already in the Johnson designation despite Defendant's objections (Exhibit 1, page 26) there is no additional problem with admitting the exhibit itself.

## CONCLUSION

CTAS claims in its own opening statement that it was "required to make the modification exactly as the design drawings said." The documents in question here tell a different story. They should be admitted as they are relevant under FRE 401 and not prejudicial under FRE 403.

Respectfully submitted,

**MCALPINE & ASSOCIATES, P.C.**

/s/ *Don W. Blevins*
DON W. BLEVINS
3201 University Drive, Suite 100
Auburn Hills, MI 48326
(248) 373-3700
Attorneys for Plaintiff

Dated: November 7, 2011

Case No. C 96-2494 CW

3