IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KALITTA AIR, LLC, as assignee of
American International Airways, Inc.,

     Plaintiff,

  v.

CENTRAL TEXAS AIRBORNE SYSTEMS, INC.,

     Defendant.

_____/

No. C 96-2494 CW

FINAL JURY
INSTRUCTIONS

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW**

    Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You should discard the preliminary instructions; the final instructions control and you should not concern yourselves with any differences between them and the preliminary instructions. You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

    It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   In following my instructions, you must follow all of them and
2   not single out some and ignore others; they are all important.

3   **BURDEN OF PROOF**

4   When a party has the burden of proof on any claim or
5   affirmative defense by a preponderance of the evidence, it means
6   you must be persuaded by the evidence that the claim or affirmative
7   defense is more probably true than not true.

8   You should base your decision on all of the evidence,
9   regardless of which party presented it.

10  **WHAT IS EVIDENCE**

11  The evidence you are to consider in deciding what the facts
12  are consists of:

13  (1) the sworn testimony of any witness;

14  (2) the exhibits which are received into evidence; and

15  (3) any facts to which the lawyers stipulate.

16  **WHAT IS NOT EVIDENCE**

17  In reaching your verdict, you may consider only the testimony
18  and exhibits received into evidence.  Certain things are not
19  evidence, and you may not consider them in deciding what the facts
20  are.  I will list them for you:

21  (1) Arguments and statements by lawyers are not evidence.  The
22  lawyers are not witnesses.  What they say in their opening and
23  closing statements, and at other times, is intended to help you
24  interpret the evidence, but it is not evidence.  If the facts as
25  you remember them differ from the way the lawyers state them, your
26  memory of them controls.

27  (2) Questions and objections by lawyers are not evidence.

28

2

Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that was excluded or stricken, or that you were instructed to disregard, is not evidence and must not be considered.

(4) Anything you see or hear when the Court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### EVIDENCE FOR LIMITED PURPOSE

Some evidence was admitted for a limited purpose only.  When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### LIMITED ADMISSIBILITY OF THE AD

You have heard evidence in this case about Airworthiness Directive, otherwise called the AD.  The Airworthiness Directive is not admitted for the truth of what is in it.  Therefore, you cannot

3

consider the material in the AD as proof of the facts it contains.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected.  If I overruled the objection, the witness was permitted to answer the question.  If I sustained the objection, the witness was not permitted to answer the question.  If I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

In some instances I ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness said, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness' memory;

(3)  the witness' manner while testifying;

(4)  the witness' interest in the outcome of the case and any

4

*United States District Court*
For the Northern District of California

bias or prejudice;

(5)   whether other evidence contradicted the witness' testimony;

(6)   the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### EXPERT OPINION

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the facts the expert relied upon, the reasons given for the opinion, and all the other evidence in the case.

The law allows expert witnesses to be asked questions that are based on assumed facts.  These are sometimes called "hypothetical questions."  In determining the weight to give the expert's opinion that is based on assumed facts, you should consider whether the assumed facts are true.

If the expert witnesses disagreed with one another, you should weigh each opinion against the others.

### DEPOSITIONS IN LIEU OF LIVE TESTIMONY

In this trial, the parties submitted deposition testimony instead of live testimony from certain witnesses.  A deposition is

the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Some of the depositions were read to you.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Some of the deposition testimony was presented to you through videos.  The videos are sometimes choppy or appear to be edited where things have been omitted.  The parties and the Court have participated in the editing process and they have eliminated portions of the testimony which are not important for you to hear in an effort to save time.  You are not to consider the fact that there may be gaps or edits of the videos in judging the credibility of the testimony.

**CHARTS AND SUMMARIES**

Certain charts and summaries were received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Certain graphics not received in evidence were shown to you in order to help explain the contents of books, records, documents or

6

other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these graphics and determine the facts from the underlying evidence.

### ABSENCE OF PARTIES

You have heard the names of people and parties and government agencies that are not parties to this case.  You should not speculate as to whether any of those other parties have been sued by anyone, and if so, what the outcomes of those other lawsuits might or might not have been.  You need to consider only this lawsuit between these parties.

### CORPORATIONS

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

### LIABILITY OF CORPORATIONS

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

### NEGLIGENCE - ESSENTIAL ELEMENTS

Kalitta's claim against CTAS is for negligence.  To establish this claim, Kalitta must prove all of the following:

(1) That CTAS was negligent; and

(2) That CTAS' negligence was a substantial factor in causing

7

harm to Kalitta.

## DEFINITION OF NEGLIGENCE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  A person can be negligent by acting or failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful aircraft conversion facility would have acted in CTAS' situation.

## ORDINARY CARE IN AVIATION INDUSTRY

An aircraft conversion facility is negligent if it fails to use the amount of care in modifying an airplane that a reasonably careful aircraft conversion facility would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

Whether CTAS exercised ordinary care in the present case is to be evaluated under the standards of ordinary care of similar aircraft conversion facilities acting under similar circumstances shown by the evidence.  Thus, ordinary care is doing or not doing something which a reasonably prudent aircraft conversion facility acting under the authority of the FAA would do or would not do.

## EVIDENCE OF CUSTOM OR PRACTICE

You may consider customs or practices in other aircraft conversion facilities in deciding whether CTAS acted reasonably. Customs and practices do not necessarily determine what a reasonable aircraft conversion facility would have done in CTAS'

**United States District Court**
For the Northern District of California

8

**United States District Court**
For the Northern District of California

1   situation.  They are only factors for you to consider.

2       Following a custom or practice does not excuse conduct that is

3   unreasonable.  You should consider whether the custom or practice

4   itself is reasonable.

5                          **CAUSE OF HARM**

6       The second element of Kalitta's negligence claim against CTAS

7   is that CTAS' negligence caused harm to Kalitta.  The law defines

8   "cause" in its own particular way.  A cause of harm is something

9   that is a substantial factor in bringing about the harm.

10                        **SUBSTANTIAL FACTOR**

11      A substantial factor in causing harm is a factor that a

12  reasonable person would consider to have contributed to the harm.

13  It must be more than a remote or trivial factor.  It does not have

14  to be the only cause of the harm.  Conduct is not a substantial

15  factor in causing harm if the same harm would have occurred without

16  that conduct.

17                        **CONCURRING CAUSES**

18      There may be more than one cause of harm.  When negligent or

19  wrongful conduct of two or more persons contributes concurrently as

20  a cause of the harm, the conduct of each is a cause of the harm

21  regardless of the extent to which each contributes to the harm.  A

22  cause is concurrent if it was operative at the moment of harm and

23  acted with another cause to produce the harm.  It is no defense

24  that the wrongful conduct of a person not joined as a party was

25  also a cause of the harm.

26                        **SUPERSEDING CAUSE**

27      CTAS claims that it is not responsible for Kalitta's harm

28                                  9

because of the later misconduct of the FAA.  If you find that CTAS was the cause of harm to Kalitta, then to avoid legal responsibility for the harm, CTAS must prove all of the following:

(1) That the FAA's conduct occurred after the conduct of CTAS;

(2) That a reasonable person could consider the FAA's conduct as highly unusual or an extraordinary response to the situation;

(3) That CTAS did not know and had no reason to expect that the FAA would act in a negligent manner; and

(4) That the kind of harm resulting from the FAA's conduct was different from the kind of harm that could have been reasonably expected from CTAS' conduct.

### DAMAGES - PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Kalitta on its negligence claim, you must determine Kalitta's damages.  Kalitta has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Kalitta for any harm you find was caused by CTAS.  Kalitta asserts a claim for damages as a result of the loss of use of the CTAS modified aircraft, N701CK and N706CK, consisting of the lost profits on the grounded aircraft from the date of the grounding until the date of AIA's sale to Kitty Hawk, the lost value of the 727 aircraft sold to Kitty Hawk prior to the sale, and the lost value of AIA in its sale to Kitty Hawk, which Kalitta claims was caused by the loss of use of N701CK and N706CK.

United States District Court
For the Northern District of California

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.  The arguments of counsel are not evidence of damages.

**ALTERNATIVE DAMAGES THEORIES**

CTAS denies that it is liable for any damages, but it argues that if you were to find that it is, the appropriate measure of damages is either:

(1)  the reasonable value of necessary repairs to the N701CK and N706CK airplanes, to return these planes to service; or

(2)  the reduction in the value of the affected aircraft.

Kalitta would be entitled to recover the reasonable cost of repairing the planes, or the reduction in the value of the affected aircraft, whichever is less.  If there is evidence of both, Kalitta would be entitled to the lesser of the amounts.

To determine the reduction in value of the aircraft, you must determine the cost to replace the airplanes immediately after the harm occurred and then subtract the salvage value of the planes immediately after the harm occurred.

**DAMAGES – LOSS OF USE OF PROPERTY**

If you award damages based on the cost to repair or replace the airplanes, you may also award damages for the loss of use of the airplanes during the time reasonably necessary to repair or replace them.  To award damages for loss of use, you must find the reasonable cost to lease similar aircraft for the amount of time reasonably necessary to repair or replace the planes, or the profits lost during that length of time, whichever is less.

**United States District Court**
For the Northern District of California

**DUTY TO MITIGATE**

Kalitta has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

CTAS has the burden of proving by a preponderance of the evidence:

(1)  that Kalitta failed to use reasonable efforts to mitigate damages; and

(2)  the amount by which damages would have been mitigated.

A party who has been damaged by the wrongful act of another may not recover for losses which could have been prevented by reasonable efforts or by expenditures that might reasonably have been made.  A party is entitled to recover for expenditures reasonably made or harm suffered in a reasonable effort to avert further harm.

**INTEREST**

If you find that Kalitta is entitled to an award of damages against CTAS, then it is for you to determine, in your discretion, whether or not Kalitta should receive interest in addition to damages.  You should consider whether interest is necessary to reasonably compensate Kalitta for its loss.  If you determine that interest should be awarded, the Court will make the calculation of the amount.

**INSURANCE**

You must not consider whether any of the parties in this case has insurance.  The presence of insurance is totally irrelevant. You must decide this case only on the law and evidence.

12

**United States District Court**
For the Northern District of California

1

**DAMAGES - NO PUNITIVE DAMAGES**

2    You must not include in your award any damages to punish or

3  make an example of CTAS.  Such damages would be punitive damages,

4  and they cannot be part of your verdict.  You must award only the

5  damages that fairly compensate Kalitta for its loss.

6

**DUTY TO DELIBERATE**

7    When you retire, you should elect one member of the jury as

8  your foreperson.  That person will preside over the deliberations

9  and speak for you here in court.

10    You will then discuss the case with your fellow jurors to

11  reach agreement if you can do so.  Your verdict must be unanimous.

12    Each of you must decide the case for yourself, but you should

13  do so only after you have considered all of the evidence, discussed

14  it fully and with the other jurors, and listened to the views of

15  your fellow jurors.

16    Do not be afraid to change your opinion if the discussion

17  persuades you that you should.  Do not come to a decision simply

18  because other jurors think it is right.

19    It is important that you attempt to reach a unanimous verdict

20  but, of course, only if each of you can do so after having made

21  your own conscientious decision.  Do not change an honest belief

22  about the weight and effect of the evidence simply to reach a

23  verdict.

24

**USE OF NOTES**

25    Some of you have taken notes during the trial.  Whether or not

26  you took notes, you should rely on your own memory of what was

27  said.  Notes are only to assist your memory.  You should not be

28

1   overly influenced by the notes.

2                    **COMMUNICATION WITH THE COURT**

3        If it becomes necessary during your deliberations to

4   communicate with me, you may send a note through the marshal,

5   signed by your foreperson or by one or more members of the jury.

6   No member of the jury should ever attempt to communicate with me

7   except by a signed writing; and I will communicate with any member

8   of the jury on anything concerning the case only in writing, or

9   here in open court.  If you send out a question, I will consult

10  with the parties before answering it, which may take some time.

11  You may continue your deliberations while waiting for the answer to

12  any question.  Remember that you are not to tell anyone, including

13  me, how the jury stands, numerically or otherwise, until after you

14  have reached a unanimous verdict or have been discharged.  Do not

15  disclose any vote count in any note to the court.

16                       **RETURN OF VERDICT**

17        A verdict form has been prepared for you.  After you have

18  reached unanimous agreement on a verdict, your presiding juror will

19  fill in the form that has been given to you, sign and date it, and

20  advise the Court that you are ready to return to the courtroom.

21

22   Dated:                        _____

23                                 CLAUDIA WILKEN
                                   United States District Judge

24

25

26

27

28                                      14