IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALITTA AIR, LLC, as assignee of American International Airways, Inc., <br><br>    Plaintiff, <br><br>   v. <br><br> CENTRAL TEXAS AIRBORNE SYSTEMS, INC., <br><br>    Defendant. <br> _____/ | No. C 96-02494 CW <br><br> ORDER DENYING CTAS'S MOTION FOR RULING ON SPECIAL RELATIONSHIP AND GRANTING ITS REQUEST FOR ENTRY OF JUDGMENT <br> (Docket No. 2220) |

Defendant Central Texas Airborne Systems, Inc. (CTAS) has moved for a "Ruling on Special Relationship Issues" and requested entry of judgment. Docket No. 2220. CTAS seeks a judicial determination that, as a matter of law, it has no special relationship with Plaintiff Kalitta Air, LLC. Lack of such a relationship would have precluded Kalitta from recovering damages for purely economic loss based on its negligence claim.

In general, in actions for negligence, liability is limited to damages for physical injuries, and recovery for economic loss alone is not permitted. Aas v. Superior Court, 24 Cal. 4th 627, 652 (2000) (citing Seely v. White Motor Co., 63 Cal. 2d 9, 18 (1965)). However, an exception to the general rule applies where a plaintiff has established a special relationship between itself and the tortfeasor. J'Aire Corp. v. Gregory, 24 Cal. 3d 799, 804 (1979). The test to determine the existence of a special relationship under J'Aire, comprises the following factors:

(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm.  Id.

Prior to trial, CTAS had moved for summary judgment that it had no special relationship with Kalitta.  The Court found that disputed issues of material fact precluded such a ruling.  With the parties' agreement, the Court contemplated that, if the jury returned a negligence verdict and awarded damages, the Court would then resolve whether a special relationship existed under the six factor test in J'Aire, being advised by the jury's findings.  If the Court found no special relationship, the jury's negligence verdict and damages award would have been set aside as violative of the economic loss rule.  At the close of Kalitta's case at trial, CTAS moved for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a)(1), and the Court took the motion under submission.  Thereafter, the jury returned a verdict finding that CTAS was not negligent.  CTAS renewed its Rule 50(a)(1) motion under Rule 50(b).

The jury's verdict on the question of CTAS's negligence informs several of the J'Aire factors.  With respect to the second J'Aire factor, the Court infers, based on the jury's verdict of no negligence, that any harm to Kalitta was not foreseeable.  Finding no negligence, the jury had no occasion to determine whether Kalitta suffered injury, the third factor.  However, even if

2

Kalitta suffered economic injury from the grounding of its airplanes, the jury's verdict indicates that the injury was not caused by CTAS.  Thus, the connection between CTAS's conduct and Kalitta's injury is not close, the fourth factor.  Given that CTAS was found not negligent, under the fifth factor, moral blame cannot be attached to CTAS' conduct and, under the sixth factor, the policy of preventing future harm would not be furthered by an exception to the economic loss rule here.

More importantly, however, a determination on the special relationship question is now moot because no damages have been awarded.  The Court will not make an advisory ruling as to whether the transaction was intended to affect Kalitta, or what it would find if the jury's verdict were set aside and a new jury were to find negligence and award damages.

CTAS's request for entry of judgment pursuant to Federal Rule of Civil Procedure 58 is granted, although not in the language proposed by CTAS.  The clerk will enter judgment for CTAS and CTAS shall recover its costs from Kalitta.

IT IS SO ORDERED.

Dated: 3/20/2012

CLAUDIA WILKEN
United States District Judge

3