IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALITTA AIR, LLC, | No. C 96-2494 CW |
| Plaintiff, | ORDER RE: SUPERSEDEAS BOND |
| v. | |
| CENTRAL TEXAS AIRBORNE SYSTEMS, et al., | |
| Defendants. | |

Plaintiff Kalitta Air has filed a Second Motion for Approval of Supersedeas Bond. Defendant Central Texas Airborne Systems opposes. The motion was decided on the papers. Having considered all of the papers filed by the parties and the entire record in the case, the Court DENIES Plaintiff's motion.

BACKGROUND

On December 5, 2012, this Court granted in part Plaintiff's motion for review of the Clerk's notice of taxable costs and granted Plaintiff's request to stay collection of costs pending the outcome of its appeal. The Court ordered Plaintiff to post a supersedeas bond in the amount of $311,018.19, fifty percent of the taxable costs.

On December 28, 2012, Plaintiff filed its First Motion for Approval of Supersedeas Bond. Defendant opposed, pointing out that Plaintiff's proposed bond did not include an unequivocal promise to pay, list the conditions for payment, or provide a time

frame for payment.  The Court denied Plaintiff's motion and ordered Plaintiff to:

> submit a proposed bond that unequivocally binds the surety to pay any amount that may be awarded to Defendant, up to $311,018.19, unless within seven days of the Court of Appeals' decision affirming or modifying the judgment or dismissing the appeal, Plaintiff satisfies the judgment in full, including any additional costs or interest awarded.

Docket No. 2271 at 2.  In addition, the Court noted that its grant of Plaintiff's request to stay the collection of costs pending appeal was premised on the posting of a supersedeas bond.

On February 13, 2013, Plaintiff filed its Second Motion for Approval of Supersedeas Bond.  In that motion, Plaintiff indicated, "The terms of the bond adhere to this Court's January 29, 2013 order regarding supersedeas bond, and on February 7, 2013, [Defendant's] counsel notified the undersigned by e-mail that the bond terms are acceptable."  Plaintiff did not submit a declaration attaching the referenced email.  On February 25, 2013, Defendant filed an opposition to Plaintiff's Second Motion for Approval of Supersedeas Bond.  In its opposition, Defendant objects both to the terms of the bond and Plaintiff's proposed order.  Defendant does not address Plaintiff's contention that its counsel notified Plaintiff that the terms of the bond acceptable. Plaintiff has filed a reply brief attaching emails between Plaintiff's and Defendant's counsel as exhibits.  Plaintiff has not filed a sworn declaration attaching the emails as exhibits.

## DISCUSSION

The Court's January 29 Order required Plaintiff to submit a bond that unequivocally binds the surety to pay, "unless within

2

seven days of the Court of Appeals' decision affirming or modifying the judgment or dismissing the appeal, Plaintiff satisfies the judgment in full, including any additional costs or interest awarded." Docket No, 2271 at 2. Plaintiff has submitted a proposed bond that binds the surety to pay if Plaintiff "fails **to promptly pay** all sums." Emphasis added. The Court finds that Plaintiff's proposed bond does not comply with the Court's January 29 Order.

Defendant also objects to Plaintiff's proposed order. The Court will not enter Plaintiff's proposed order at this time. Accordingly, Defendant's objection is overruled. If Plaintiff includes this language in a future proposed order, Defendant may renew its objection.

In addition to these objections, Defendant suggests other modifications to the bond it believes should be made. The Court declines to order compliance with these suggestions.

## CONCLUSION

The Court DENIES Plaintiff's Second Motion for Approval of Supersedeas Bond. Docket No. 2273. Within fourteen days of the date of this order, Plaintiff shall submit a proposed bond. Consistent with this order and the Court's January 29, 2013 order, Plaintiff shall modify the language of subparagraph c of the Promise to Pay to state:

> Kalitta Air, L.L.C. fails to pay within seven days all sums awarded against it in or following the appeal in this action, including the full $622,036.38 as ordered by the court along with any additional costs or interest that the Court of Appeals may award.

Plaintiff shall not modify any other language in the bond unless the parties reach agreement and file a sworn declaration memorializing that agreement.

   IT IS SO ORDERED.


Dated: 4/1/2013

                                    _____
                                    CLAUDIA WILKEN
                                    United States District Judge