IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALITTA AIR, LLC, | No. C 96-2494 CW |
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |
| v. | |
| CENTRAL TEXAS AIRBORNE SYSTEMS, et al., | |
| Defendants. | |

Plaintiff Kalitta Air has filed a motion for leave to file a motion for reconsideration of the Court's April 1, 2013 order denying Plaintiff's second motion for approval of supersedeas bond. In that order, the Court cited its January 29, 2013 order denying Plaintiff's first motion for approval of supersedeas bond and again directed Plaintiff to post a supersedeas bond in the amount of $311,018.19, with an unequivocal promise to pay if

> Kalitta Air, L.L.C. fails to pay within seven days all sums awarded against it in or following the appeal in this action, including the full $622,036.38 as ordered by the court along with any additional costs or interest that the Court of Appeals may award.

See Docket No. 2276. The Court further instructed Plaintiff not to change any other language in the proposed bond unless the parties agreed to the changes. Plaintiff now moves for reconsideration of the Court's order, asserting that it is impossible for it to procure a bond with a promise to pay within seven days of the Court of Appeals' decision.

1    Plaintiff presents evidence that its insurance company
2 refused to issue a bond containing the language in the Court's
3 order.  Plaintiff also presents evidence that, as a general
4 matter, an insurance company "could not possibly receive a demand
5 for payment, review their file, authorize payment of a claim and
6 get the check to the claimant in only 7 days from the initial
7 demand."  Declaration of Lawrence Galizi ISO Plaintiff's Motion
8 for Leave to File a Motion for Reconsideration ¶ 8.  However, the
9 seven-day timeline referenced in the Court's order is not the
10 timeline for the insurance company to pay the judgment.  It is the
11 timeline for Plaintiff to pay the amount owed should the Court's
12 order be affirmed.  The insurance company's obligation to pay is
13 only triggered by Plaintiff's failure to pay.
14    Plaintiff's insurance company previously issued a bond that
15 requires it "to immediately pay" if Plaintiff "fails to promptly
16 pay all sums awarded to it."  Docket No. 2273, Ex. A.  If the
17 concern is the time needed for the insurance company to process
18 any payment, it is the language that requires the company "to
19 immediately pay" that should be amended, not the requirement that
20 Plaintiff pay within seven days.  Recognizing that Plaintiff has
21 not been able to obtain a bond with the exact language ordered by
22 the Court, the Court will grant Plaintiff's motion for leave to
23 file a motion for reconsideration of the Court's April 1 order.
24 The Court deems Plaintiff's motion for leave to file to be its
25 motion for reconsideration and sets the following briefing
26 schedule.
27    Plaintiff shall ask its surety to indicate the shortest
28 timeframe in which it can promise to pay the bond amount, should

2

Plaintiff fail to pay the judgment in full within seven days of the Court of Appeals' decision. Plaintiff shall also make the same inquiry of at least three other surety companies. Within seven days of the date of this order, Plaintiff shall file a declaration including exhibits that show the question posed to each surety company and each company's answer. Within seven days of Plaintiff's filing, Defendant shall file any response. Plaintiff may file a reply within three days thereafter.

IT IS SO ORDERED.

Dated: 4/17/2013

CLAUDIA WILKEN
United States District Judge