IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALITTA AIR, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL TEXAS AIRBORNE SYSTEMS, et al.,<br><br>    Defendants.<br>_____/ | No. C 96-2494 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

On April 15, 2013, Plaintiff Kalitta Air filed a motion for leave to file a motion for reconsideration of the Court's April 1, 2013 order denying Plaintiff's second motion for approval of supersedeas bond. In its motion for leave, Plaintiff presented evidence that its insurance company refused to issue a bond containing the language in the Court's April 1 order.

On April 17, the Court deemed Plaintiff's motion for leave to file to be its motion for reconsideration and ordered Plaintiff to "ask its surety to indicate the shortest timeframe in which it can promise to pay the bond amount, should Plaintiff fail to pay the judgment in full within seven days of the Court of Appeals' decision." Docket No. 2279. The Court further ordered Plaintiff to ask the same question of at least three other sureties and to "file a declaration including exhibits that show the question posed to each surety company and each company's answer." Id.

Plaintiff has filed a declaration by Lawrence Galizi, its aviation insurance broker. In that declaration, Mr. Galizi states that his company asked "Kalitta's surety, and five other surety

companies to indicate the shortest timeframe in which it can promise to pay the bond amount, should Kalitta fail to pay the judgment in full within seven days of the Court of Appeals' decision." Galizi Dec. ¶ 6. However, the exhibits attached to the declaration do not show the question posed as required by the Court's order. Moreover, the email from Travelers Insurance Company, Kalitta's current surety and the company that has written the bonds previously rejected by the Court, does not answer the question posed by the Court. See Galizi Dec., Ex. 1. Instead, the email from Travelers states that it "is comfortable with revising the language within the bond form giving Kalitta a 30 day timeframe to pay the full amount of the appeal along with any additional cost or interest." Id.

The other two exhibits to Mr. Galizi's declaration are email messages from Debbie Keller-Niven at Industrial Insurance Agency. See Galizi Dec., Exs. 2 & 3. The emails appear to report on conversations that Ms. Keller-Niven had with representatives of two sureties, CNA and RLI. Id. Mr. Galizi's declaration cannot authenticate these emails, nor is there any indication of the question Ms. Keller-Niven posed to either of the sureties. Moreover, Ms. Keller-Niven specifically states that her company does not "write many bonds" and reports that she is not able to get any commitment from either of the sureties. Id.

Plaintiff has failed to comply with the Court's order granting its motion for leave to file a motion for reconsideration. Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

2

Within seven days of this order, Plaintiff shall post a supersedeas bond that complies with the Court's April 1, 2013 order.  If Plaintiff is unable to secure such a bond within seven days of this order, it shall provide a letter of credit in the amount of $311,018.19 from Bank of America, or another bank approved of by Defendant within ten days of the date of this order.

IT IS SO ORDERED.

Dated: 5/17/2013

CLAUDIA WILKEN
United States District Judge