**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| KALITTA AIR L.L.C., as assignee of American International Airways, Inc., *Plaintiff-Appellant*, | No. 13-15015 |
| v. | D.C. No. 4:96-cv-02494-CW |
| CENTRAL TEXAS AIRBORNE SYSTEM INC., *Defendant-Appellee*. | OPINION |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted
November 8, 2013—San Francisco, California

Filed December 19, 2013

Before: Jerome Farris, Susan H. Black*,
and Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

---

* The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

## SUMMARY[**]


### Costs

The panel affirmed in part, and reversed in part, the district court's award of costs following a unanimous jury verdict in favor of defendant.

The panel held that the district court erred in awarding $1,310 in costs for the fees that defendant's counsel paid to be admitted to the Northern District of California on a *pro hac vice* basis because 28 U.S.C. § 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs. The panel also held that the costs of deposition editing and synchronizing were not authorized by § 1920, and therefore reversed the district court's award of costs associated with those services. Finally, the panel affirmed the district court's award to defendant for costs for retainers and fees for graphics consultants, and costs awarded following the first jury trial in 2002.


## COUNSEL

Mark L. McAlpine (argued) and Don W. Blevins, McAlpine PC, Auburn Hills, Michigan, for Plaintiff-Appellant.

E. Joshua Rosenkranz and Robert M. Yablon (argued), Orrick, Herrington & Sutcliffe LLP, New York, New York, for Defendant-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

Appellant Kalitta Air L.L.C. (Kalitta) appeals the district court's award of $622,036.38 in costs to Appellee Central Texas Airborne System Inc. (CTAS) following a jury's unanimous verdict in favor of CTAS. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

### BACKGROUND

In 1996, Kalitta[1] filed a lawsuit against numerous defendants, including CTAS, alleging various causes of action stemming from the modification of two of its aircraft from passenger to cargo planes and the Federal Aviation Administration's subsequent issuance of an Airworthiness Directive that effectively grounded those planes. The district court granted summary judgment to CTAS on Kalitta's negligence claim, and, after a jury trial in 2001 on Kalitta's negligent misrepresentation claim, the court entered judgment in favor of CTAS. In June 2002, the district court awarded CTAS $355,370 in costs.

In December 2002, this Court affirmed the district court's judgment in part and reversed and remanded in part.

[1] American International Airways, Inc. (AIA)—Kalitta's predecessor—instigated this action. While the litigation was pending, AIA merged with another company, Kitty Hawk. Several years later, after Kitty Hawk filed for bankruptcy, Kalitta Air L.L.C. was formed and obtained the right to pursue this litigation. For convenience, we refer only to Kalitta.

*GATX/Airlog Co. v. Evergreen Int'l Airlines Inc.*, 52 F. App'x 940, 942–43 (9th Cir. 2002) (unpublished). The district court held a second trial that resulted in a mistrial. On interlocutory appeal from certain post-trial rulings, this Court again affirmed in part and reversed and remanded in part. *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 315 F. App'x 603, 607 (9th Cir. 2008) (unpublished). Following a third trial in which Kalitta pursued only its claim of negligence, the jury rendered a verdict in favor of CTAS.

CTAS subsequently filed a bill of costs for $724,021.37. Kalitta objected and the clerk of court awarded CTAS $691,591.73 in costs. Kalitta then moved the district court to review the clerk's costs award, arguing in pertinent part that (1) *pro hac vice* admission fees were not taxable; (2) CTAS sought impermissible costs for the creation of visual aids by graphics consultant firms; (3) CTAS impermissibly sought costs for deposition video production and trial presentation support; (4) CTAS could not recover costs for transcript synchronization;[2] and (5) many of the deposition costs taxed in the district court's 2002 costs award were beyond the scope of Northern District of California Civil Local Rule 54-3.

In relevant part, the district court affirmed the clerk's award of $1,310 to CTAS for *pro hac vice* admission fees, noting this Circuit has not ruled on the issue and that some courts allow the costs to be taxed while others do not. Regarding Kalitta's arguments about costs for graphics consultants, the district court concluded fees for

[2] Synchronization enables a video deposition "to be cut according to designated lines of transcript and for the text of the testimony to be displayed when the video is played." *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010).

exemplification and copying were permitted only for the physical preparation of documents, not the intellectual effort involved in their creation. Accordingly, while it was not entirely clear how much time was spent on non-compensable activities from the invoices CTAS submitted, the court found an additional reduction of $16,500 was appropriate.

The district court also found that costs for the preparation of deposition video clips were taxable, but CTAS's invoices included more than just the costs for the production of the deposition clips. Although CTAS voluntarily reduced its request for the relevant invoice by 30%, the district court found a 50% reduction was appropriate and disallowed an additional $9,906.90 in costs. The district court further found that the costs for transcript synchronization were recoverable as exemplification costs and denied Kalitta's request for a reduction. Finally, the district court concluded Kalitta provided no basis for the court to revisit its 2002 costs award. Accordingly, the district court awarded CTAS $622,036.38 in costs, and this appeal followed.

## STANDARD OF REVIEW

"We review the district court's award of costs for abuse of discretion." *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir. 2001). We also review the district court's rulings regarding the local rules for abuse of discretion, *Alliance of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013), but review *de novo* the question of whether the district court has the authority to award costs, *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 968 (9th Cir. 1999).

DISCUSSION

Federal Rule of Civil Procedure 54 provides that, in general, costs should be awarded to the prevailing party in a civil action. Fed. R. Civ. P. 54(d)(1). The general costs statute, 28 U.S.C. § 1920, defines the term "costs" as used in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

> interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)–(6).

*A.* Pro Hac Vice *Admission Fees*

Kalitta contends the district court erred by awarding CTAS $1,310 in costs for the fees that CTAS's counsel paid to be admitted to the Northern District of California on a *pro hac vice* basis. We agree.

Section 1920(1) authorizes the district court to tax as costs "[f]ees of the clerk." 28 U.S.C. § 1920(1). Focusing on the plain language of the statute, the specific context in which the language is used, as well as the broader context of the statute as a whole, *United States v. Havelock*, 664 F.3d 1284, 1289 (9th Cir. 2012) (*en banc*), we conclude § 1920(1)'s reference to fees of the clerk draws its meaning from 28 U.S.C. § 1914, which authorizes the district court to collect a filing fee and "such additional fees only as are prescribed by the Judicial Conference of the United States," 28 U.S.C. § 1914(a), (b).

The Judicial Conference's fee schedule does not refer to *pro hac vice* fees at all. Rather, it provides for a $176 fee "[f]or original admission of attorneys to practice," including a certificate of admission. 28 U.S.C. § 1914, District Court Miscellaneous Fee Schedule #10. We read the Judicial Conference's use of the phrase "original admission" as referring to the permanent admission of attorneys to the district court's bar. Such original admission does not include the temporary and limited leave to practice before the district

court granted by *pro hac vice* status.[3] Accordingly, because § 1914(b) allows a clerk to collect only those fees prescribed by the Judicial Conference, and the Judicial Conference has not specifically provided for *pro hac vice* fees, we conclude that § 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs.

This conclusion also comports with the Supreme Court's recent statements emphasizing that "taxable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, — U.S. —, 132 S. Ct. 1997, 2006 (2012). In *Taniguchi*, the Court considered whether § 1920(6)—which authorizes the district court to compensate a party for the expense of an interpreter—includes the cost of translating documents. *Id.* at 2000. In concluding the statute does not cover the cost of translating documents, the Court focused on the plain meaning of the word "interpreter" and concluded that interpretation covers oral, not written, translation. *Id.* at 2002–05. Given the Court's close reading of the statute and emphasis that "[t]axable costs are limited to relatively minor, incidental expenses," and, further, that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit," *id.* at 2006 (internal quotation marks omitted), we construe § 1920 narrowly.

We recognize that the Seventh and Eighth Circuits have awarded costs for the *pro hac vice* admission of counsel. *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894,

---

[3] Although it may seem incongruous to allow the permanent admission of attorneys to be taxed as a cost under § 1920(1) while disallowing costs for the *pro hac vice* admission of counsel, it is the province of the Judicial Conference rather than this Court to alter the plain language of the Conference's fee schedule.

898 (8th Cir. 2009); *United States ex rel. Gear v. Emergency Med. Assocs. of Ill., Inc.*, 436 F.3d 726, 730 (7th Cir. 2006). The Seventh and Eighth Circuits, however, allowed for the taxing of *pro hac vice* admission fees prior to the Supreme Court's decision in *Taniguchi* and without any clear explanation of their reasons for doing so. We think the better course is to hew closely to the statute's language, scheme, and context, recognizing that § 1920 is narrow, limited, and modest in scope. *See Taniguchi*, 132 S. Ct. at 2006. Accordingly, we reverse the district court's award of costs for the *pro hac vice* admission of CTAS's counsel.

*B. Deposition Editing*

Kalitta also maintains the district court erred by awarding CTAS the costs associated with editing deposition videotapes into clips to be played at trial, as well as the costs associated with synchronizing the deposition videotapes with their transcripts. We agree that the costs of deposition editing and synchronizing are not authorized by § 1920 and therefore reverse the district court's award of costs associated with those services.

There is no direct provision for deposition editing in the costs statute. Section 1920(4) permits the district court to tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The cost of editing deposition videotapes into clips to be played at trial in lieu of live witness testimony is not taxable because it is a service in excess of the costs of making copies of the videotape and, further, is an expense incidental to trial preparation akin to preparing a witness for trial. *Cf. Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th

Cir. 1963). The costs of editing depositions into video clips to be played for the jury as a substitute for live witness testimony does not fall within any definition of "exemplification," and is not taxable under the costs statute.[4]

Similarly, synchronizing deposition videotapes with their transcripts, while convenient, was not an act of copying or exemplification and was not truly *necessary* for trial. *See In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) ("The 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that 'merely added to the convenience of counsel' or the district court." (citation omitted)). The costs of transcript and deposition synchronization do not fit squarely within the costs statute, and we, like the Supreme Court, "see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920." *Taniguchi*, 132 S. Ct. at 2006.

Although the Sixth Circuit has affirmed a district court's award of costs for the synchronization of video and

---

[4] As explained by the Fourth Circuit:

> "Exemplification" has appeared in the [costs] statute since 1853, when the word meant "an illustration by example" or "an official transcript of a document from public records, made in a form to be used as evidence, and authenticated as a true copy." Today, the word means "the act or process" of "showing or illustrating by example," or "an official transcript of a public record, authenticated as a true copy for use as evidence."

*Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 262 (4th Cir. 2013) (brackets and footnotes omitted).

deposition transcripts, the Sixth Circuit explained only that "the costs beyond transcription are taxable" and "the costs [Appellant] objects to are covered by § 1920." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419–20 (6th Cir. 2005), *abrogated in part on other grounds by Taniguchi*, 132 S. Ct. at 2000. The Sixth Circuit did not provide any basis for its decision specific to transcript synchronization, and, further, the decision in *BDT Products* predates the Supreme Court's decision in *Taniguchi*. We decline to follow the Sixth Circuit's lead in light of the modest scope of § 1920 and the Supreme Court's adherence to a narrow construction of the costs statute. Accordingly, the district court's award of costs for editing and synchronizing deposition videotapes is reversed.

*C. Graphics Consultants and 2002 Costs Award*

Kalitta contends the district court further erred by awarding CTAS costs for retainers and fees for graphics consultants and by refusing to reconsider its 2002 costs award following the first jury trial. However, Kalitta's arguments regarding graphics consultants and the district court's 2002 costs award are either waived or lack merit, and we therefore affirm the court's award of those costs.

We **AFFIRM** in part, **REVERSE** in part, and **REMAND** for further proceedings. Each party shall bear their own costs on appeal.