IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KALITTA AIR, LLC,

    Plaintiff,

  v.

CENTRAL TEXAS AIRBORNE SYSTEMS, et al.,

    Defendants.

_____/

No. C 96-2494 CW

ORDER REDUCING COSTS AWARDED TO DEFENDANTS ON REMAND

On December 19, 2013, the Ninth Circuit issued an opinion, affirming in part and reversing in part this Court's December 5, 2012 order awarding $622,036.38 in costs to Defendant Central Texas Airborne Systems (CTAS). The Ninth Circuit remanded the matter for further proceedings. The Court now revises the costs awarded, consistent with the Ninth Circuit's opinion.

I.  Pro Hac Vice Admission Fees

In its December 2012 order, the Court awarded Defendant CTAS $1,310 in pro hac vice admission fees. The Ninth Circuit held that such fees are not recoverable as costs. Accordingly, the Court reduces the costs awarded by $1,310.

II. Deposition Editing and Synchronization

In its December 2012 order, the Court allowed CTAS to recover costs for editing and synchronizing deposition videotapes. The Ninth Circuit held that such costs are not recoverable.

CTAS claimed $34,673.70 for deposition editing. This represented a voluntary thirty percent reduction from the invoice amount of $49,534.50. In its December 2012 order, the Court found

that a fifty percent reduction was more appropriate, and reduced the amount awarded by an additional $9,906.00 for a total award of $24,767.70 in costs related to editing deposition videotapes. The Court also allowed CTAS to recover $12,479.87 for synchronization of the deposition videotapes. Accordingly, the Court will reduce the costs awarded by $37,247.57.

III. Summary of Costs to be Awarded

As discussed above, the Court reduces the costs awarded by $1,310 for pro hac vice admission fees and $37,247.57 for deposition editing and synchronization. The total reduction is $38,557.57. Accordingly, the net amount of costs to be awarded is $583,478.81.

IV. Interest

Title 28 U.S.C. § 1961(a) provides, "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . Such interest shall be calculated from the date of the entry of the judgment." Where, as here, the judgment is reduced on appeal, "the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry." Perkins v. Standard Oil Co. of Cal., 487 F.2d 672, 676 (9th Cir. 1973). Accordingly, CTAS is entitled to interest on the Court's award of costs. Part of the award was the June 24, 2002 cost award of $355,370. CTAS is entitled to interest on that amount from the date of the original judgment, June 24, 2002. CTAS is entitled to interest on the remaining amount of $228,108.81 from December 5, 2012, the date the Court entered judgment on the second cost application.

2

CONCLUSION

For the foregoing reasons, the Court awards CTAS $583,478.81 in costs. CTAS is entitled to interest on $355,370 of that award, calculated from June 24, 2002. CTAS is entitled to interest on the remaining $228,108.81 from December 5, 2012. Interest shall be calculated according to the rates rules set out in 28 U.S.C. § 1961(a). Kalitta shall pay the costs awarded and the interest due forthwith. CTAS's motion for an expedited determination of costs on remand is DENIED as moot (Docket No. 2290).

IT IS SO ORDERED.

Dated: 2/12/2014

CLAUDIA WILKEN
United States District Judge